**O**

# United States District Court
# Central District of California

| | |
|---|---|
| PATRICIA LEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ECCLESIA, LLC ET AL.<br><br>　　　　　Defendants. | Case №. 2:19-cv-01691-ODW (JPRx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [62]** |

　　　　Before the Court is Defendant Ecclesia, LLC's Motion for Judgment on the Pleadings ("Motion") on the basis that Plaintiff Patricia Lee's Complaint is barred by res judicata. (Mot., ECF No. 62.) Defendant filed its Motion on December 9, 2019, and set the hearing for January 6, 2020. (*See* Mot.) This hearing date required Plaintiff to file any opposition no later than December 16, 2019. *See* C.D. Cal. L.R. 7-9. Plaintiff did not file an opposition, and, on December 23, 2019, Defendant filed a Notice that it had not received an opposition from Plaintiff. (Notice, ECF No. 63.) After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument and took the Motion under submission on December 30, 2019. (*See* Scheduling Notice, ECF No. 64.) Three days later, on January 2, 2020, Plaintiff applied ex parte to continue the hearing date to February 10, 2020, due to illness, and more specifically, limited range of motion due to back pain.

1

(*See* Ex Parte Appl. 6, ECF No. 65; Supp. Decl. Patricia H. Lee 2–3, ECF No. 67.) On January 7, 2020, the Court denied Plaintiff's application as moot. (ECF No. 71.)

Local Rule 7-9 requires an opposing party to file an opposition to a motion not later than twenty-one days before the designated hearing date. C.D. Cal. L.R. 7-9. A party that does not file an opposition may be deemed to consent to the granting of the motion. C.D. Cal. L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on failure to oppose motion as required by local rules). Before granting the motion, the court must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures. *Id.* at 53. A court is not required to consider these factors explicitly. *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJWx), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012). In *Ghazali*, these factors were satisfied where the plaintiff received notice of the motion and had "ample opportunity to respond." *Id.*; *see Ghazali*, 46 F.3d at 54.

Here, the motion hearing was scheduled for January 6, 2020. Therefore, Plaintiff's opposition papers were due on December 16, 2020. She had notice of the Motion and ample opportunity to respond, yet Plaintiff did not file an opposition, timely or otherwise. Even construing her ex parte application to continue the hearing as a request to extend her deadline to oppose, Plaintiff failed to demonstrate good cause for such an extension. This is particularly true where she did not contact opposing counsel or the Court regarding the need for additional time until after Defendant filed a notice that Plaintiff had failed to oppose, well beyond the opposition deadline. Further, in this action, Plaintiff's failure to timely oppose a previous motion resulted in the granting of that motion as unopposed, so Plaintiff was on notice of the potential consequences of inaction. Accordingly, the Court deems Plaintiff's failure to oppose consent to granting the Motion.

**IT IS HEREBY ORDERED** that Defendant Ecclesia's Motion for Judgment on the Pleadings is **GRANTED**.  (ECF No. 62.)

March 20, 2020

```
                           _____
                              OTIS D. WRIGHT, II
                           UNITED STATES DISTRICT JUDGE
```