O

# United States District Court
# Central District of California

| | |
|---|---|
| PATRICIA H. LEE,<br><br>             Plaintiff,<br><br>      v.<br><br>ECCLESIA, LLC et al.,<br><br>             Defendants. | Case № 2:19-cv-01691-ODW (JPRx)<br><br>**ORDER DENYING MOTION TO VACATE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [74]** |

## I.   INTRODUCTION

This lawsuit is the fourth in a series of wrongful foreclosure actions brought by Plaintiff Patricia H. Lee. In this action, on June 28, 2019, the Court granted Defendants CitiMortgage, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), CR Title Services, Inc. ("CR Title"), and Lisa Markham's Motion to Dismiss as unopposed. (Order Granting Mot. to Dismiss ("June 28, 2019 Order"), ECF No. 30.) One year later, on June 28, 2020, Plaintiff filed the present motion to vacate the June 28, 2019 Order under Federal Rule of Civil Procedure ("Rule") 60(b)(1), for mistake, inadvertence, or excusable neglect ("Motion"). (*See* Mot. to Vacate ("Mot."), ECF No. 74.) For the reasons below, the Court **DENIES** Plaintiff's Motion to Vacate the June 28, 2019 Order.

## II. BACKGROUND

In 2002, Plaintiff Patricia H. Lee and non-parties Patricia G. Lee and Gwendolyn P. Lee borrowed $314,071 from Realty Mortgage Corporation dba Mylor Financial ("Mylor"), secured by a deed of trust ("DOT") recorded against property at 11513 Berendo Avenue, Los Angeles, California (the "Property"). (Compl. ¶¶ 4, 11–12, Ex. 1 ("DOT"), ECF No. 1.) The DOT designated MERS as the nominee beneficiary for Mylor and its assignees. (Compl. ¶ 12; DOT.) After Plaintiff and the Lees defaulted on the loan in 2010, MERS assigned the DOT to CitiMortgage, which substituted CR Title as trustee. (*See* Compl. ¶¶ 16, 19; Defs.' Req. Judicial Notice ("RJN") Exs. 3 ("Assignment"), 4 ("Substitution"), 5 ("Notice of Default"), ECF No. 6.[1]) Markham, Assistant Vice President of MERS and CitiMortgage, executed the Assignment and the Substitution. (Compl. ¶¶ 17, 19.) CR Title recorded a notice of default and election to sell the Property and sold the Property at a trustee's sale on February 14, 2012. (Compl. ¶¶ 31, 34, 39; Notice of Default; RJN Exs. 6 ("Notice of Trustee's Sale"), 7 ("Trustee's Deed Upon Sale").)

Between 2012 and 2015, Plaintiff brought three actions in California Superior Court for claims related to the allegedly wrongful assignment and foreclosure of the Property. (*See* Compl. ¶ 44; *Lee v. CitiMortgage, Inc. et al.*, No. BC482312 (Cal. Super. Ct. filed April 5, 2012) ("*Lee I*"); RJN Ex. 10 ("*Lee I* First Am. Compl. ('FAC')"); Compl. ¶ 53; *Lee v. CitiMortgage, Inc. et al.*, No. BC502785 (Cal. Super. Ct. filed March 12, 2013) ("*Lee II*"); RJN Ex. 13 ("*Lee II* Compl."); Compl. ¶ 63; *Lee*

---

[1] With Defendants' motion to dismiss, they requested judicial notice ("RJN") of certain public records and documents from judicial proceedings. (*See* RJN.) The record does not reflect that Plaintiff objected to Defendants' RJN; indeed, Plaintiff has, at times, relied on the documents therein in her own papers. (*See* Decl. of Patricia H. Lee, ECF No. 15.) Judicial notice of the documents is appropriate as they are either referenced in the Complaint or publicly recorded documents whose accuracy cannot reasonably be questioned (RJN Exs. 1–7), or are pleadings or orders in judicial proceedings with a direct relation to the matter here (RJN Exs. 8–19). *See* Fed. R Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (discussing that judicial notice of proceedings in other courts is appropriate where "those proceedings have a direct relation to matters at issue"); *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases granting judicial notice of documents recorded by the County Recorder's Office).

*v. CitiMortgage, Inc. et al.*, No. BC592107 (Cal. Super. Ct. filed Aug. 20, 2015) ("*Lee III*"); RJN Ex. 17 ("*Lee III* FAC").) Each action resulted in dismissal with prejudice. (*See* RJN Ex. 11 ("*Lee I* Dismissal Order"); RJN Ex. 14 ("*Lee II* Order"); RJN Ex. 18 ("*Lee III* Dismissal Order"); RJN Ex. 19 ("*Lee III* Affirmance") 4.) On October 17, 2018, the California Court of Appeal affirmed the Judgment in *Lee III*. (Compl. ¶ 75; *Lee III* Affirmance 9.)

On March 7, 2019, Plaintiff filed the present action in federal court against Defendants CitiMortgage, MERS, CR Title, Markham, and Ecclesia, LLC (a subsequent purchaser of the property). (*See* Compl. ¶¶ 5–9.) Plaintiff's claims all stem from the assignment and foreclosure of the Property at issue in *Lee I*, *Lee II*, and *Lee III*. (*Compare* Compl. *with Lee I* FAC, *Lee II* Compl., *and Lee III* FAC.)

On April 11, 2019, Defendants CitiMortgage, MERS, CR Title, and Markham ("Defendants"[2]) moved to dismiss Plaintiff's Complaint, arguing that her claims were barred by res judicata. (*See* Mot. to Dismiss ("MTD"), ECF No. 5.) Plaintiff filed an untimely opposition on May 8, 2019. (Opp'n MTD, ECF No. 14.) Plaintiff's untimely opposition did not substantively address Defendants' res judicata arguments. (*See* Opp'n MTD.) On May 14, 2019, the Court took Defendants' motion under submission on the papers. (ECF No. 18.) Two days later, Plaintiff filed a supplemental declaration explaining she had miscalculated her deadline to oppose. (Suppl. Decl. Patricia H. Lee, ECF No. 19.) On June 28, 2019, the Court granted Defendants' motion to dismiss as unopposed. (June 28, 2019 Order.)[3]

One year later, on June 28, 2020, Plaintiff filed the present Motion to vacate the June 28, 2019 Order under Rule 60(b)(1), on grounds that her failure to timely oppose Defendants' motion to dismiss was the result of mistake, inadvertence, or excusable

---

[2] For the purposes of this Order, "Defendants" as defined does not include Defendant Ecclesia.

[3] Nine months later, on March 20, 2020, the Court granted the only remaining Defendant, Ecclesia's Motion for Judgment on the Pleadings ("MJOP") and entered Judgment. (Order Granting MJOP, ECF No. 72; J., ECF No. 73.)

neglect. (Notice of Mot. 2, ECF No. 74.) Plaintiff's Motion is fully briefed, and the Court heard argument from the parties on August 3, 2020.

### III.     LEGAL STANDARD

Rule 60(b)(1) authorizes a court to relieve a party from an order or judgment where the order or judgment is a result of the party's mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). A party seeking relief under Rule 60(b)(1) must file a noticed motion "within a reasonable time," not to exceed one year after entry of the order. Fed. R. Civ. P. 60(c)(1). "The proper application of Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1118 (C.D. Cal. 2005).

### IV.     DISCUSSION

Plaintiff's Motion is untimely, and her proffered grounds do not amount to mistake, inadvertence, or excusable neglect under Rule 60(b)(1). Further, vacating the June 28, 2019 Order would be futile, as Plaintiff's claims are barred by res judicata.

**A.     "Within a Reasonable Time"**

A Rule 60(b)(1) motion "must be made within a reasonable time" and in no event longer than one year after the order was entered. Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration [1] the interest in finality, [2] the reason for delay, [3] the practical ability of the litigant to learn earlier of the grounds relied upon, and [4] prejudice to the other parties." *Lemoge v United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)). Where the time for appeal has expired, the interest in finality "must be given great weight." *Ashford*, 657 F.2d at 1055.

First, the Court issued Judgment in this case on March 20, 2020, so the time for appeal expired months before Plaintiff brought the present motion on June 28, 2020. *See* Fed. R. App. P. 4 (appeal must be filed within thirty days). Thus, the interest in finality weighs heavily against finding Plaintiff's Motion timely. Next, despite

acknowledging that she knew of her mistake in calendaring *before* the June 28, 2019 Order issued, Plaintiff provides no reason at all for waiting a full year before seeking to vacate it. Thus, the second and third factors, reason for the delay and Plaintiff's practical ability to learn of the grounds relied upon, also weigh against Plaintiff. Fourth and finally, Defendants would suffer minimal prejudice were the Court to grant Plaintiff the relief she seeks. Although the delay here is great, granting the requested relief would leave the parties in the same position as if Plaintiff had timely opposed Defendants' motion to dismiss, with the Court addressing that motion on the merits. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (discussing that loss of a "quick victory" and the possibility of prejudice from delay is insufficient to require denial of a Rule 60(b)(1) motion). Accordingly, the fourth factor weighs in favor of Plaintiff.

On balance, the factors weigh against finding that Plaintiff's Motion was filed within a reasonable time. Accordingly, the Court **DENIES** Plaintiff's Motion.[4]

### B.     Mistake, Inadvertence, or Excusable Neglect

Even if Plaintiff's Motion was timely filed, the relief she seeks is not warranted. Plaintiff contends the June 28, 2019 Order should be vacated due to her miscalculating the deadline to file her Opposition to Defendants' Motion to Dismiss. (Mot. 7–8.) However, her excuse does not amount to mistake, inadvertence, or excusable neglect under Rule 60(b)(1).

Whether a party's failure to meet a deadline constitutes excusable neglect "is an equitable determination that depends on at least four factors, known as the "*Pioneer* factors": (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*

---

[4] Construing Plaintiff's Motion as brought under Rule 59(e) fares no better as it would also be untimely under that Rule: the Court entered Judgment on March 20, 2020, and Plaintiff filed her Motion on June 28, 2020, more than twenty-eight days later. Fed. R. Civ. P. 59(e).

*Ltd. P'ship*, 507 U.S. 380, 395 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). "Prejudice to the movant" if relief is denied may also be a "relevant circumstance[]" for consideration. *Lemoge*, 587 F.3d at 1195.

The prior section discussed the danger of prejudice to Defendants, Plaintiff's one-year delay, and the lack of any reason for waiting a full year to seek relief. That discussion applies equally here regarding the first three *Pioneer* factors, and on balance weighs against finding excusable neglect.

Further, the proffered reason for the original untimely filing, a mistake in interpreting and applying Local Rules like calendaring deadlines, does not generally amount to excusable neglect under Rule 60(b)(1). *Pincay v. Andrews*, 389 F.3d 853, 857 (9th Cir. 2004) (quoting *Pioneer*, 507 U.S. at 392) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect'. . . ."); *see also Oscar Serrano Medina & Mariana Serrano v. Ford Motor Co.*, LACV 19-00078-R, 2020 WL 4196876, at *2 (C.D. Cal. May 29, 2020) (concluding that failure to correctly calendar a deadline weighed against finding excusable neglect). Even if it did, Plaintiff offers no excuse for delaying a full year to move to vacate the June 28, 2019 Order. *C.f. Oscar Serrano*, 2020 WL 4196876, at *2 (noting that diligence in filing the Rule 60(b)(1) motion within two weeks of the court's Order weighed in favor of finding excusable neglect).

Additionally, judgment was entered nearly nine months after Plaintiff knew of her miscalculation; that she could have made this argument *before* entry of final judgment weighs strongly against finding mistake, inadvertence, or excusable neglect necessary for relief under Rule 60(b)(1). *See AmTrust Bank v. Lewis*, 687 F. App'x 667, 670 (9th Cir. 2017) ("Because [the plaintiff] could have made his arguments to the district court before entry of final judgment, he did not establish 'mistake, inadvertence, surprise, or excusable neglect' necessary for relief under Rule 60(b)(1) . . . .").

Finally, although delaying a full year to move to vacate an Order on grounds known to Plaintiff before the Order issued hardly demonstrates good faith, the record does not otherwise reflect bad faith on the part of Plaintiff. Accordingly, the fourth *Pioneer* factor is neutral. To the extent prejudice to Plaintiff is a relevant consideration, she would suffer no prejudice if denied the relief she seeks because, as discussed below, her claims are nevertheless barred by res judicata.

On balance, the *Pioneer* factors tilt against granting relief. Accordingly, the Court **DENIES** Plaintiff's Motion on this basis as well.

### C.  Res Judicata

Even if Plaintiff's Motion were timely and well founded, the Motion is not well taken because Plaintiff's claims are barred by res judicata. *See Pincay*, 389 F.3d at 859 (noting the excusable neglect analysis may include other relevant factors "within the context of the particular case").

*1.   Litigation History*

Plaintiff brought three prior actions in California state court alleging wrongful assignment and foreclosure of the Property.

*Lee I*: In April 2012, Plaintiff sued CitiMortgage in state court for "Filing Unauthorized Document" and sought to set aside the trustee's sale. (Compl. ¶ 44; *Lee I* FAC.) In April 2013, the court sustained CitiMortgage's demurrer and dismissed the "entire action with prejudice." (*Lee I* Dismissal Order.)

*Lee II*: While *Lee I* was pending, in March 2013, Plaintiff sued again in state court, filing a virtually identical complaint against CitiMortgage and MERS. (Compl. ¶ 53; *Lee II* Compl.) In October 2013, the court sustained CitiMortgage and MERS's demurrer without leave to amend. (*Lee II* Order.) In the *Lee II* Order, the court stated, among other things, that "Plaintiff's complaint is . . . barred by the doctrines of *res judicata* and collateral estoppel because the [c]ourt previously sustained a demurrer to a verbatim identical 'first amended complaint' filed by plaintiff in her Prior Action." (*Lee II* Order 2.)

*Lee III*: In 2015, Plaintiff sued again, this time naming as defendants CitiMortgage, MERS, MERSCORP, CR Title, and Lisa Markham. (Compl. ¶ 63; *Lee III* FAC.) As with *Lee I* and *Lee II*, the state court sustained the defendants' demurrer "in its entirety, with prejudice and without leave to amend, because the First Amended Complaint was barred by res judicata [and] did not contain facts sufficient to constitute any cause of action." (*Lee III* Dismissal Order.) Plaintiff appealed and, in October 2018, the California Court of Appeal affirmed the *Lee III* judgment. (Compl. ¶ 75; *Lee III* Affirmance 9.) The Court of Appeal noted that "[a]ll three lawsuits concern the same allegations and seek to vindicate the same primary right," and "the demurrers in *Lee I* and *Lee II* were sustained without leave to amend and resulted in dismissals with prejudice, the legal equivalent of a judgment on the merits." (*Lee III* Affirmance 1–2, 4.) The Court of Appeal thus concluded that res judicata barred Plaintiff from seeking recovery in *Lee III*. (*Lee III* Affirmance 4, 5–6.)

### 2. *Claim Preclusion*

The prior judgments were issued by California courts, so California res judicata law applies. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under California law, "res judicata" is "an umbrella term encompassing both claim preclusion and issue preclusion." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 823 (2015). "Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits in the first suit." *Id.* at 824. Claim preclusion bars not only claims adjudicated but also those which could have been brought. *Thompson v. Ioane*, 11 Cal. App. 5th 1180, 1191 (2017); *Allied Fire Prot. v. Diede Constr., Inc.*, 127 Cal. App. 4th 150, 155 (2005).

First, under California law, claims are based on the same cause of action if they are premised on the same "primary right." *Gillies v. JPMorgan Chase Bank, N.A.*, 7 Cal. App. 5th 907, 914 (2017). "The plaintiff's primary right is the right to be free

from a particular injury, regardless of the legal theory on which liability for the injury is based." *Id.* The focus is thus on the underlying harm suffered. *Adam Bros. Farming v. Cty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010). "In California, a wrongful foreclosure constitutes an injury to a single primary right, regardless of the legal theory challenging the foreclosure." *Janson v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-05639 JSC, 2015 WL 1250092, at *7 (N.D. Cal. 2015) *aff'd sub nom. Janson v. Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Mortg. Loan Tr. 2005-11AR*, 682 F. App'x 576 (9th Cir. 2017) (collecting cases).

Comparing the *Lee III* FAC with the Complaint in this action, the substance and injury of these actions is the same: both are predicated on the allegedly unlawful assignment and foreclosure of the Property and seek the same relief—namely, ownership and possession of the Property and monetary damages. (*Compare Lee III* FAC ¶ 15 *with* Compl. ¶ 11; *Lee III FAC* at 40–41 *with* Compl. at 37–38.) Both actions assert identical claims for fraud and deceit, quiet title, breach of contract, unfair competition, and intentional and negligent infliction of emotional distress. (*Compare Lee III* FAC ¶¶ 126–45, 157–67, 180–202 *with* Compl. ¶¶ 115–24, 132–43, 168–245.) Although the Complaint here asserts new claims for cancellation of instruments and violation of the Fair Debt Collection Practice Act and California Penal Codes (Compl. ¶¶ 125–31, 144–67), these are merely new theories which could have been asserted in the prior suits between the same parties. *See Torrey Pines Bank v. Superior Court,* 216 Cal. App. 3d 813, 821–22 (1989) ("Res judicata bars 'not only the reopening of the original controversy, but also subsequent litigation of all issues which were or could have been raised in the original suit.'"). "It matters not that [Plaintiff] has a new theory of wrongful foreclosure. It is the same primary right which [she] has always claimed." *Gillies*, 7 Cal. App. 5th at 914. Thus, the claims here are based on the same cause of action as Plaintiff's prior suits.

Second, the prior suits must have reached a final judgment on the merits. *DKN Holdings*, 61 Cal. 4th at 824. A dismissal with prejudice is a final judgment on the

merits. *Torrey Pines Bank*, 216 Cal. App. 3d at 821; *see also Janson*, 2015 WL 1250092, at *10 (collecting cases). Each of the prior lawsuits were dismissed without leave to amend, and *Lee I* and *Lee III* were expressly dismissed with prejudice. (*See Lee I* Dismissal Order; *Lee II* Order; *Lee III* Dismissal Order; *see also Lee III* Affirmance 4.) The California Court of Appeal affirmed the trial court's judgment in *Lee III*. (*Lee III* Affirmance 9.) Thus, there is a final judgment on the merits.

Third and finally, the parties in the current action must be the same or in privity with the parties from the prior actions. *DKN Holdings*, 61 Cal. 4th at 824–25; *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). In *Lee III*, Plaintiff sued Defendants CitiMortgage, MERS, CR Title, and Markham. (*Compare Lee III* Affirmance 1 *with* Compl. ¶¶ 5–9.) Thus, the parties at issue here are identical to the parties from Plaintiff's prior action.[5]

Plaintiff seeks to vindicate the same primary right between the same parties after a final judgment on the merits in a prior suit. Accordingly, claim preclusion applies and bars Plaintiff from this relitigation.[6]

3.  *Delayed Discovery & Fraudulent Concealment*

Plaintiff asserts that her claims are not barred because of the doctrines of delayed discovery and fraudulent concealment, but these doctrines do not disturb the preclusive effect of her prior three lawsuits. (*See* Compl. ¶¶ 79–82; Mot. 10.)

"[U]nless the complaint plausibly alleges that the plaintiff was unable to discover a fact because it did not exist at the time of the prior action or because of a defendant's fraud or misrepresentation, claim preclusion applies to all actionable facts

---

[5] Although Plaintiff does not challenge the Order granting Defendant Ecclesia's MJOP, Ecclesia is in privity with the defendants in the prior actions as it is sued as a downstream purchaser of the property at issue. (Compl. ¶ 5); *see Inland Oversight Comm. v. City of San Bernardino*, 27 Cal. App. 5th 771, 781 (2018) (noting that privity may be established by "a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights").

[6] The outcome would be the same under federal claim preclusion law because there is an identity of claims, final judgment on the merits, and identity of parties. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

that could have been discovered with diligence during the prior proceeding." *Janson*, 2015 WL 1250092, at *6 (citing *Allied Fire*, 127 Cal. App. 4th at 156–57).

Plaintiff's allegations as to these doctrines are conclusory and unsupported. (*See* Compl. ¶¶ 79–82.) In her Complaint, she alleges that she "was grossly misled and extorted, and her Real Property was stolen from her styled as a 'foreclosed sale,'" but she provides none of the factual support necessary for application of either doctrine. She does not identify what information Defendants allegedly concealed or allege why she could not have discovered any such information through the exercise of reasonable diligence.

For the first time, in her Reply, Plaintiff identified that she "recently discovered" that "MERS was suspended from doing business in California" when it assigned her DOT. (Reply in Supp. of Mot. 9, ECF No. 77.) Yet, upon inquiry at the hearing, Plaintiff conceded that she learned this information from the publicly available California Secretary of State website; thus, Defendants did not conceal it from her, and Plaintiff offered no reason why she could not have discovered it earlier with the exercise of reasonable diligence. This alone defeats the invocation of these doctrines. *See Janson*, 2015 WL 1250092, at *9 (citing *Allied Fire*, 127 Cal. App. 4th at 155) ("[T]he test is not whether Plaintiff *actually* knew of the claims while the state case was pending; it is whether [s]he *could* have known of the claims."). Additionally, Defendants clarified at oral argument that the entity Plaintiff identified in her Reply as suspended is a different entity than Defendant MERS here, so Plaintiff's "discovery" is irrelevant to this action.

Ultimately, Plaintiff's assertions are merely variations on the theme she has raised in each of her lawsuits, that Defendants conspired against her and concealed information through the assignment and foreclosure process. Using the words "Delayed Discovery" or "Fraudulent Concealment" now, without more, does not change this history. Claim preclusion bars Plaintiff's claims.

"Somewhere along the line, litigation must cease." *Gillies*, 7 Cal. App. 5th at 914. "No litigant has an entitlement to file a lawsuit seeking relief from an alleged wrong and then not follow the court's ruling denying relief." *Id.* at 915. Plaintiff has had several opportunities to advance her claims but appears to view the adverse judgments as mere suggestions, permitting her unending do-overs. Plaintiff is wrong. She may not continue to relitigate the same issues against the same defendants, taxing the legal system in an attempt to reach a different, preferred result. If she persists, she will likely face sanctions. "The sanctity and integrity of a final judgment must be honored or there is no such thing as a final judgment." *Id.*

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Vacate the June 28, 2019 Order. (ECF No. 74.)

**IT IS SO ORDERED.**

August 11, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**